BOOTH, Judge.
This cause is before us on appeal from an order of the Department of Administration, Division of Retirement (Division), rejecting a recommended order awarding death-in-line-of-duty (DILOD) benefits to Margie Robinson, wife of deceased Sheriff’s Captain Eddie Lee Robinson, Jr. Captain Robinson, 50, was a 15 year veteran of the Gadsden County Sheriff’s Department at the time of his death. On April 10,1984, the captain assisted other deputies in subduing an unruly inmate who had flooded his cell. The inmate, six feet two inches tall and weighing 200 or more pounds, broke free at least once during the struggle and verbally abused the officers, *213 threatening to kill them and their families. The captain returned home that night telling his wife he was upset and complaining of chest pain. He took nitroglycerin and appeared to be fine the next day. However, the following night he had a heart attack in his sleep and died. The heart attack occurred roughly 24 hours after the incident at the jail.
The captain’s medical history was lengthy and poor, including a preexisting heart condition for which he was under treatment. This condition had been improving, however, at the time of his death. Medical testimony was presented at hearing from two doctors, one of whom thought the jail incident triggered the heart attack and one of whom thought the captain’s underlying condition was the cause, The hearing officer accepted the testimony of the captain’s physician, Dr. Britt, that the jail incident precipitated a sudden death syndrome. However, the Division rejected this testimony and substituted its own findings of fact. The Division’s findings were based on the testimony of Dr. Bianco, who saw no identifiable connection. Accordingly, the Division denied DILOD benefits to the widow.
It is well settled that a hearing officer’s factual determinations on issues not infused by policy considerations cannot be rejected by the Division unless they are unsupported by competent, substantial evidence. McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977); Heifetz v. Department of Business Regulation, 475 So.2d 1277 (Fla. 1st DCA 1985), at 1281-82. In the instant case, the Division rejected Dr. Britt’s testimony on the ground that it was not based on all the pertinent facts. The Division’s particular concern was that the opinion did not account for the captain’s lengthy and serious medical problems. However, the record reveals that Dr. Britt considered all the pertinent evidence concerning the captain’s condition in rendering his opinion. Dr. Britt’s opinion on causation was based on sufficiently full information and therefore constituted competent, substantial evidence to support the hearing officer’s recommended order. The Division was not therefore entitled to substitute its own findings for those of the hearing officer.
Because of our resolution of this issue, it is not necessary to reach the other points raised by the parties.
This cause is REVERSED and REMANDED with directions to enter an order awarding benefits in accordance with the hearing officer’s findings.
WENTWORTH and BARFIELD, JJ., concur.